IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASTISHA F. MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-125-GMB |
| ) | [WO] |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latisha F. Merritt filed this action on February 25, 2016, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Doc. 1. The case is ripe for review pursuant to 42 U.S.C. § 405(g). The parties consented to the entry of an opinion and final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 9 & 10. Based upon a review of the parties' briefs, the evidentiary record, and the relevant authority, the court finds that, for the reasons explained below, the Commissioner's decision is due to be REVERSED and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

this case REMANDED to the Commissioner for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*,

2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Merritt bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?

3

(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

**A.  Facts**

Merritt applied for disability benefits on May 1, 2013, alleging a disability onset date of December 1, 2011 due to herniated and degenerative disc changes in her back with nerve pressure, leg pain, and foot numbness. Docs. 14-2, 14-3 & 14-5. Merritt's claims were denied at the initial administrative level and on reconsideration. Docs. 14-2 & 14-3.

Merritt requested and received a hearing before an Administrative Law Judge ("ALJ"). Doc. 14-2. The hearing was held on May 15, 2014, but it was "held open" for Merritt to undergo a post-hearing consultative neurological examination with EMG nerve conduction study of the left leg. Doc. 14-2. Dr. Gregory Robin Lipscomb performed this exam on Merritt on June 2, 2014. Doc. 14-2. In connection with this exam, Dr. Lipscomb completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical)

4

(the "Medical Source Statement"),[2] in which he opined that Merritt's ability to perform work-related activities is subject to the following limitations:

- occasional lifting of up to 10 pounds and no lifting of more than 10 pounds;

- occasional carrying of up to 10 pounds and no carrying of more than 10 pounds;

- sitting for up to 4 hours at a time, and standing and walking for up to 2 hours at a time;

- sitting up to 4 hours in an 8-hour work day, and standing and walking up to 2 hours in an 8-hour workday;

- no use of a cane to ambulate;

- frequent reaching (all types), handling, fingering, feeling, pushing, and pulling;

- frequent use of the right foot and occasional use of the left foot to operate foot controls;

- occasional balancing and climbing of stairs and ramps;

- no climbing of ladders or scaffolds;

- no stooping, kneeling, crouching, or crawling;

- occasional exposure to unprotected heights, moving mechanical parts, humidity and wetness, dust, odor, fumes and other pulmonary irritants, extreme cold, extreme heat, and vibrations; and

- moderate exposure to noise.

Doc. 14-7. Dr. Lipscomb did not place limitations on Merritt's ability to shop, to travel without a companion for assistance, to ambulate without assistive devices, to walk a block

---

[2] A Medical Source Statement is a form prepared by the Social Security Administration that a claimant's physician or other health care provider completes by stating the claimant's medical and mental health impairments and how those impairments impact the kind of work-related activities a claimant may be able to perform.

at a reasonable pace, to use standard public transportation, to climb a few steps at a reasonable pace with the use of a single hand rail, to prepare a simple meal and feed herself, to care for her personal hygiene, and to handle and use paper files. Doc. 14-7.

After receiving the Medical Source Statement and assigning Dr. Lipscomb's opinion "significant weight," the ALJ issued a written decision finding that Merritt has the severe impairment of status post-laminectomy and discectomy at L5-S1 due to a herniated disc with residual scar formation, but that this impairment did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). Doc. 14-2. The ALJ further concluded that Merritt has the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a). The claimant can never engage in the operation of foot controls with the left lower extremity; and can never climb stairs, ladders, ropes, or scaffolds, kneel, crouch, or crawl. The claimant must avoid all exposure to excessive vibration, unprotected heights, and hazardous machinery. The claimant is limited to the performance of unskilled work.

Doc. 14-2.

Based on this RFC finding, the ALJ found that Merritt could not perform past relevant work. Doc. 14-2. However, when considering Merritt's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, the ALJ concluded that jobs do exist in significant numbers in the national economy that Merritt could perform—specifically, the jobs of charge account clerk, order clerk, and table worker—and thus, Merritt is not disabled within the meaning of the Social Security Act. Doc. 14-2.

6

Following the ALJ's denial of her claims, Merritt requested review of the ALJ's decision by the Appeals Council. Doc. 14-2. The Appeals Council denied Merritt's request for review on January 27, 2016, making the ALJ's September 13, 2014 decision the final decision of the Commissioner. Doc. 14-2. Merritt filed her complaint in this court on February 25, 2016. Doc. 1.

**B.     Issues Presented**

Merritt presents two issues for the court's review: (1) whether the ALJ erred at step four of the five-step sequential evaluation process by failing to incorporate fully Dr. Lipscomb's opinion in her RFC analysis and to explain why a portion of his opinion was rejected, despite assigning Dr. Lipscomb's opinion "significant weight;" and (2) whether the ALJ erred at step five of the five-step sequential evaluation process by giving the vocational expert an incomplete hypothetical.[3] The court finds that, for the reasons that follow, the Commissioner's decision is due to be reversed and remanded for further proceedings.

**C.     Analysis**[4]

The premise of Merritt's argument is that the ALJ committed reversible error by failing to incorporate Dr. Lipscomb's entire opinion into her RFC analysis and to explain why she rejected a portion of that opinion—namely, the limitation that Merritt never

---

[3] These are the issues as presented by Merritt in her brief. Doc. 12 at 1.

[4] As a threshold matter, the court notes that several of the Social Security rules and regulations were amended as of March 27, 2017, including those concerning the evaluation of medical opinions. However, the new rules and regulations apply only to claims filed on or after March 27, 2017. *See Dement v. Berryhill*, 2017 WL 1405165, at *7 (M.D. Ala. Apr. 19, 2017) (citing 82 FR 5844-01, 2017 WL 168819, at *5853). Since Merritt's claims were filed on May 1, 2013, the court will apply the rules and regulations in place at that time.

stoop—despite assigning his opinion "significant weight." Merritt argues that the ALJ further compounded this error by failing to articulate the stooping limitation that Dr. Lipscomb placed on Merritt's ability to perform work-related activities, resulting in an incomplete hypothetical posed to the vocational expert. The court is not convinced that the ALJ's failure to provide the vocational expert with a complete hypothetical during the administrative hearing warrants reversal under the present circumstances,[5] but does reverse due to the ALJ's failure to articulate her reason for excluding from her RFC determination Dr. Lipscomb's opinion that Merritt never stoop.

The ALJ's RFC determination at step four of the five-step sequential evaluation process need not include or account for every limitation contained in a medical opinion. *See* 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings

---

[5] There is no dispute that the hypothetical given to the vocational expert during Merritt's administrative hearing did not include Dr. Lipscomb's opinion that she never stoop, since Merritt was not examined by Dr. Lipscomb until after her administrative hearing, and the ALJ did not hold a supplemental hearing to present Dr. Lipscomb's post-hearing findings to the vocational expert. Docs. 12, 13 & 14-2. That being said, and as the Commissioner correctly notes, none of the representative sedentary jobs identified by the vocational expert during the administrative hearing—which the ALJ ultimately adopted as jobs Merritt could perform with her limitations—requires stooping. Doc. 13. Indeed, the Department of Labor's Dictionary of Occupational Titles indicates that the three jobs identified by the vocational expert during the administrative hearing—charge account clerk, order clerk, and table worker—do not require any stooping. *See* 1991 WL 671715 (listing "Stooping: Not Present—Activity or condition does not exist" for charge account clerk); 1991 WL 671794 (listing same for order clerk); and 1991 WL 680217 (listing same for table worker). Because none of the jobs identified by the vocational expert requires stooping, it stands to reason that the ALJ's failure to provide the vocational expert with this limitation during the administrative hearing would not have changed the vocational expert's ultimate testimony that Merritt could perform the sedentary jobs of charge account clerk, order clerk, and table worker, even with her limitations. Thus, to the extent the ALJ erred by not presenting the vocational expert with Dr. Lipscomb's stooping limitation, the error was harmless. *See Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (holding that, although ALJ's failure to include a limitation on driving in the hypothetical given to the vocational expert meant that the vocational expert's testimony could not constitute substantial evidence upon which the ALJ could base his opinion, in this case, the error was harmless because the functional requirements of the jobs identified by the vocational expert in response to the given hypothetical did not involve driving and the claimant made no showing that driving was an essential element of any of the jobs identified by the vocational expert and upon which the ALJ based his opinion).

8

made by State agency medical or psychological consultants, or other program physicians or psychologists."); *Vermillion v. Comm'r of Soc. Sec.*, 2014 WL 906119, at *3 (M.D. Fla. Mar. 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion."). Indeed, in evaluating physicians' opinions, the ALJ may reject any medical opinion, including the opinion of a treating or consulting physician, "if the evidence supports such a contrary finding." *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). However, the ALJ is "required to provide a reasoned explanation as to why [she] chose [to reject or] not to include a particular limitation in [her] RFC determination." *Krauss v. Comm'r of Soc. Sec.*, 2014 WL 4639143, at *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011); *Monte v. Astrue*, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009) (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1982))).

While the ALJ's RFC determination is largely consistent with Dr. Lipscomb's post-hearing opinions, it does not include or mention his opinion that Merritt's work-related activities are limited by her inability to stoop, although the ALJ's RFC determination does include Dr. Lipscomb's similar opinions that Merritt never kneel, crouch, or crawl. The ALJ should have provided a reasoned explanation as to why she excluded or otherwise failed to account for Dr. Lipscomb's limitation that Merritt never stoop, particularly when she explicitly acknowledged and rejected certain limitations Dr. Lipscomb placed on Merritt's ability to use her hands, pulmonary restrictions, and noise limitations. *See* Doc. 14-2 at 26 ("However, I know that there is no medically determinable impairment found in the record that would suggest any limitations on the hands, pulmonary

9

restrictions, or noise limitations; these restrictions are not supported by the record."); *see also Vermillion v. Comm'r of Soc. Sec.*, 2014 WL 906119, at *3. Because the ALJ did not provide an explanation, the court cannot undertake a meaningful review of the ALJ's decision not to include or account for this limitation, even though Dr. Lipscomb's opinion was assigned "significant weight."

The Commissioner acknowledges that the ALJ's RFC determination "did not include Dr. Lipscomb's limitation that Plaintiff could never stoop," but argues that this failure amounts to harmless error. Doc. 13. The court does not agree. The failure of an ALJ to articulate her reason for discounting a medical opinion is not subject to harmless error analysis because, to make such a finding, the court would have to reweigh the evidence and engage in conjecture that invades the province of the ALJ. *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (holding that ALJ's failure to articulate reasons for discounting a physician's medical opinion is not harmless, even though there is evidence on record supporting the ALJ's decision, because it would force the court to reweigh the evidence); *Farris v. Colvin*, 2014 WL 1364524, at *5 (N.D. Ala. 7, 2014) ("The failure to consider a treating physician's evidence prevents a reviewing court from assessing the impact of the overlooked evidence precisely because doing so requires reweighing the evidence, which is the province of the ALJ."). The ALJ may have considered and rightfully rejected Dr. Lipscomb's stooping limitation, and the ALJ's consideration of the stooping limitation might not have changed the ultimate decision on Merritt's applications. However, to answer these questions would require the court to speculate and to reweigh evidence, and

it is not the purview of the court to assume that errors by the ALJ would not result in a different outcome. Thus, for the reasons explained above, the court finds that the decision of the ALJ is due to be reversed.

## IV. CONCLUSION

Accordingly, it is ORDERED that the decision of the Commissioner is REVERSED and REMANDED for the Commissioner to conduct further proceedings consistent with this opinion, to include further consideration of Dr. Lipscomb's opinions provided in the Medical Source Statement.

A final judgment will be entered separately.

DONE this 3rd day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE